# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CYNTHIA D. COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>Defendant. | Case No. C09-0080RSL<br><br>ORDER OF DISMISSAL |

The Court, after careful consideration of the complaint, the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, the papers submitted by the parties in support and opposition thereto (including "Plaintiff's Citation of Supplemental Authority (Dkt. # 22)), and the balance of the record, does hereby find and ORDER:

(1) Plaintiff's request for oral argument is DENIED. The request was untimely made, and the Court finds that additional argument would not aid in the resolution of this matter.

(2) The Report and Recommendation is hereby adopted.

ORDER OF DISMISSAL
PAGE - 1

(3) Because the issue has generated conflicting opinions within this district, the Court specifically addresses plaintiff's argument that the Administrative Law Judge's failure to comply with Social Security Ruling ("SSR") 00-4 requires reversal and remand for further administrative proceedings. Pursuant to SSR 00-4, the Administrative Law Judge ("ALJ") is responsible for ascertaining whether a vocational expert's testimony regarding job classifications for which plaintiff may be suitable is consistent with the description of jobs contained in the Department of Labor's Dictionary of Occupational Titles ("DOT").[1] Plaintiff and Magistrate Judge Donohue agree that the ALJ did not comply with SSR 00-4: because plaintiff's residual functional capacity involved limitations not normally associated with

---

[1] Social Security Ruling 00-4 states in relevant part:

> This Ruling clarifies our standards for the use of vocational experts [ ] who provide evidence at hearings before administrative law judges . . . . In particular, this ruling emphasizes that before relying on [vocational expert] evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [vocational experts] and information in the Dictionary of Occupational Titles . . . . and Explain in the determination or decision how any conflict that has been identified was resolved.
>
> ...
>
> Occupational evidence provided by a [vocational expert] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert's] evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> ...
>
> When a [vocational expert] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert's] evidence and information provided in the DOT.
>
> In these situations, the adjudicator will:
>
> > Ask the [vocational expert] if the evidence he or she has provided conflicts with information provided in the DOT; and
>
> > If the [vocational expert's] evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

ORDER OF DISMISSAL
PAGE - 2

sedentary or light work, there was an apparent conflict between the vocational expert's testimony (which took the limitation into consideration) and the DOT (which did not). The ALJ had an affirmative duty to ascertain whether a conflict existed and to explain in his decision how the conflict was resolved. Both parties agree that the ALJ failed to do so in this case.

The question is whether this error requires reversal and remand for further administrative proceedings. The Ninth Circuit recognizes that harmless error can occur in the Social Security context. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). Where the ALJ provides a number of justifications for his decision, only some of which constitute error, the Court must determine whether the remaining legitimate justifications provide substantial evidence supporting the ALJ's decision. <u>See</u> <u>Batson v. Comm'r of Soc. Sec. Admin.</u>, 359 F.3d 1190, 1197 (9th Cir. 2004).[2] The key issue is "whether the ALJ's underlying decision remains supported, in spite of any error, and not whether the ALJ would necessarily reach the same result on remand." <u>Carmickle v. Comm'r of Soc. Sec. Admin.</u>, 533 F.3d 1155, 1163 n. 4 (9th Cir. 2008). The ALJ's failure to ask the vocational expert about the potential conflict between his testimony and the DOT's classifications would therefore be harmless if the expert otherwise provides sufficient support for his conclusion so as to explain the apparent conflict. <u>See</u> <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1154 n. 19 (9th Cir. 2007). For the reasons stated in the Report and Recommendation at pp. 10-11, the ALJ's failure to inquire about possible conflicts with the DOT is harmless error and does not require reversal or remand.

---

[2] Plaintiff relies on <u>Stout v. Comm'r of Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006), for the proposition that an error is harmless only if the court "can confidently conclude that no reasonable ALJ, when not making the same error as the ALJ, could have reached a different disability determination." Objections (Dkt. #19) at 6 (internal quotation marks omitted). Plaintiff overstates the holding of <u>Stout</u> and seeks to apply it outside the context in which it developed. In <u>Stout</u>, the ALJ completely ignored competent lay witness testimony regarding how the claimant's impairment limited his ability to work. Because the ALJ failed to give any reasons why the testimony was not credible or should otherwise be disregarded, "[t]here was simply nothing in the record for the court to review to determine whether the ALJ's decision was adequately supported." <u>Carmickle v. Comm'r of Soc. Sec. Admin.</u>, 533 F.3d 1155, 1163 (9th Cir. 2008). In those circumstances, a heightened harmless error standard applies, such that "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Such is not the case here.

ORDER OF DISMISSAL
PAGE - 3

(4) The final decision of the Commissioner is AFFIRMED and this case is dismissed with prejudice.

(5) The Clerk of the Court is directed to send copies of this Order to the parties and to Judge Donohue.

Dated this 25th day of January, 2010.

*/s/ Robert S. Lasnik*
ROBERT S. LASNIK
United States District Judge