UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA D. COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | Case No. C09-80-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on the plaintiff's July 22, 2011, Motion for Attorney Fees, Expenses, and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 and 28 U.S.C. § 1920. Dkt. 32. On August 8, 2011, the Commissioner submitted a brief opposing the amount of requested attorney fees. Dkt. 34. On August 12, 2011, the plaintiff submitted a reply brief. Dkt. 35. The Court, having reviewed the governing law and the parties' submissions, recommends that the plaintiff's motion for attorney fees, Dkt. 32, be GRANTED IN PART and DENIED IN PART as set forth below.

REPORT AND RECOMMENDATION
PAGE - 1

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff appealed the final decision of the Commissioner of the Social Security Administration denying her application for benefits and finding her not disabled on May 9, 2008. Dkt. 3. On October 13, 2009, the undersigned issued a Report and Recommendation ("R & R"), recommending that the Court affirm the Commissioner's final decision. Dkt. 18. On January 25, 2010, the Court adopted the R & R and judgment was entered. Dkts. 23, 24.

On March 23, 2010, the plaintiff filed a timely Notice of Appeal. Dkt. 25. Plaintiff submitted her main appellate brief on July 15, 2010, and the Commissioner submitted his answering brief on September 15, 2010. Dkts. 25, 32. On March 9, 2011, the Ninth Circuit held oral argument. *Id.* Plaintiff's counsel, Robert A. Friedman, appeared at oral argument and argued the case on her behalf. *Id.* On March 24, 2011, the Ninth Circuit "reversed and remanded to correct errors to Social Security Ruling 00-4p and the *Dictionary of Occupational Titles*" ("*DOT*"), affirming in part and reversing and remanding in part the Commissioner's final decision. *Id.* at 2.

On July 22, 2011, the plaintiff submitted the instant Motion for Attorney Fees, Expenses, and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 32. In support of this motion, the plaintiff filed a declaration by Mr. Friedman. Dkt. 32, Att. 3, Ex. A (Friedman Decl.). In addition, the plaintiff submitted an itemization of expenses and costs, as well as time records for Mr. Friedman and Eric Schnaufer, an attorney who also worked on the case and wrote the trial and appellate briefs. Dkt. 32, Att. 4, Ex. B (Friedman Time R.); Dkt. 32, Att. 5, Ex. C (Schnaufer Time R.); Dkt. 32, Att. 6, Ex. D (Report of Expenses and Costs).

On August 8, 2011, the Commissioner objected to the plaintiff's motion. Dkt. 34. Specifically, the Commissioner asserted that (1) it was unreasonable for Mr. Friedman to bill 27.8 hours to prepare for oral argument and become familiar with the facts and legal arguments in this case because Mr. Schnaufer had written the trial and appellate briefs and therefore could have prepared for oral argument in less time, and (2) it was unreasonable for Mr. Schnaufer to ask for 33.4 hours for the appellate brief because the brief is substantially similar to the brief submitted to the district court. *Id.* at 3-4. The Commissioner did not object to the hourly rate, expenses, or costs based on documentation submitted by the plaintiff. *Id.* at 2. Further, the Commissioner did not contend that his final decision below was substantially justified. *Id.* at 2. Rather, the Commissioner solely objected to the number of requested attorney hours as excessive and duplicative. *Id.*

On August 12, 2011, the plaintiff submitted a reply brief in support of her motion, asserting that the requested attorney fees were reasonable. Dkt. 35. The plaintiff argued that 33.4 hours was a reasonable amount of time to spend on preparation of an appellate brief because Mr. Schnaufer had an independent duty in the Ninth Circuit to review all arguments for factual accuracy, legal correctness, and cogency. *Id.* at 3-4. Further, the plaintiff asserted that it was reasonable for Mr. Friedman to spend 27.8 hours preparing for oral argument, even though Mr. Schnaufer had prepared the briefing, because it would have been far more costly for Mr. Schnaufer to travel from Illinois to Washington to handle the oral argument. *Id.* at 2. The plaintiff also submitted an additional fee request for the time spent preparing the reply brief. Dkt. 35, Att. 1, Ex. F (Supplemental Time R.).

In total, the plaintiff seeks attorney fees in the amount of $21,459.79 and expenses in the amount of $346.66 pursuant to EAJA, 28 U.S.C. § 2412(a) and (d). In addition, the plaintiff requests costs in the amount of $39.50 pursuant to 28 U.S.C. § 1920.[1]

### III. DISCUSSION

#### A. Legal Standard Governing EAJA

The district court has discretion to determine the amount of attorney fees to award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933 (1983). The party seeking fees under EAJA must submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Furthermore, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The applicant should "exercise billing judgment with respect to hours worked," and an appropriate fee should reflect "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 431, 437.

#### B. Plaintiff's Time Spent Preparing for Oral Argument Was Unreasonable

Although the Commissioner concedes that the hourly rate, expenses, and costs were appropriate, the Commissioner contends that Mr. Friedman unreasonably spent 27.8 hours preparing for oral argument in the Ninth Circuit. Dkt. 34 at 2-3. Specifically, the Commissioner argues that Mr. Friedman unreasonably "reviewed the briefs, excerpts of record, and relevant case law, and had several telephonic conferences with Mr. Schnaufer to discuss issues related to the appeal." *Id.* The Commissioner further argues that Mr.

---

[1] Specifically, the request for attorney fees in the amount of $21,459.79 is comprised of the initial request of $20,724.54, plus the $735.25 supplemental request for time spent writing the reply brief. The request for $346.66 in expenses includes $66.88 at the district court and $279.78 at the appellate court.

Schnaufer prepared briefing in the case and could have more readily argued the case and spent less time than Mr. Friedman preparing for oral argument. *Id.* at 3-4. The plaintiff responded, however, that "[b]ecause Schnaufer lives in Evanston, Illinois and because time and expenses related to travel to and from oral argument in Seattle, Washington would reasonably be included in an EAJA application, having Everett, Washington attorney Friedman handle the oral argument actually reduced the number of hours expended related to oral argument." Dkt. 35 at 2.

Plaintiff has not demonstrated a right to all the attorney fees requested for Mr. Friedman's oral argument to the Ninth Circuit Court of Appeals. As a threshold matter, the Court does agree with counsel that it would have been far more costly for Mr. Schnaufer to fly from Illinois to Washington to present the oral argument in this case as plaintiff's counsel Mr. Friedman resides in Washington. However, the Court is not persuaded that it was reasonable for Mr. Friedman to spend 27.8 hours preparing for a 10-minute oral argument. Although it was reasonable for counsel to spend 4.0 hours "read[ing] excerpts of Record Volumes II-IV" and 3.0 hours "review[ing] pertinent portions of all cases cited in parties' briefs," it was unreasonable to spend 14 hours drafting, editing, and rehearsing for oral argument. Dkt. 32, Att. 4, Ex. B (Friedman Time R.). Thus, the Court will reduce those 14 hours, and permit plaintiff to recover attorney fees for 10 hours spent drafting, editing, and rehearsing for oral argument.

Furthermore, the Court is not persuaded that plaintiff may properly request 1.5 hours of attorney fees for time Mr. Friedman spent to "travel to and observe oral arguments of Coleman's panel in Seattle," apparently for a case other than that relating to the plaintiff. *Id.* at 2. As this time is not properly billable, the Court will reduce Mr. Friedman's award by an

REPORT AND RECOMMENDATION
PAGE - 5

1 additional 1.5 hours. In sum, the Court reduces plaintiff's requested attorney fees for the oral argument before the Ninth Circuit by 5.5 hours.

### C. Plaintiff's Time Spent Drafting the Appellate Brief Was Duplicative

Plaintiff's time spent preparing the appellate brief was also unreasonable. The Commissioner objects to the amount of attorney fees requested for Mr. Schnaufer's time spent preparing the appellate brief, arguing that it was duplicative for Mr. Schnaufer to spend 9.3 hours drafting the opening brief at the district court level and 33.4 hours drafting the opening brief at the circuit court level. Dkt. 34. The Commissioner notes that the "opening brief at the district court is substantially similar to the opening brief at the circuit court," and "parts of the circuit court opening brief are identical to parts of the district court opening brief." *Id.* at 3. Plaintiff does not deny that the briefs are substantially similar, but argues that Mr. Schnaufer had a duty to review all arguments presented at the district court level for "factual accuracy, legal correctness, and cogency." Plaintiff further contends that it is not duplicative to spend additional time preparing an appellate brief that is similar or identical to a district court brief, because "the inclusion of some of the same arguments in the main appellate brief . . . is a function of the fact that, on appeal, a party is generally only allowed to raise issues he or she presented . . . below." Dkt. 35 at 3.

Although the Court agrees that the plaintiff should be compensated for a reasonable amount of time spent preparing the appellate brief, a reasonable request in this case should reflect the fact that both parties agree that the appellate brief was nearly identical to the opening brief filed in district court. Specifically, plaintiff noted that the only new sections in the appellant brief included "a jurisdictional statement, statement of the issues presented for review, additions to the statement of the case, standard of review and reviewability, summary

REPORT AND RECOMMENDATION
PAGE - 6

of the argument, and discussion of the District Court's rationale." Dkt. 35 at 4. In other words, plaintiff's arguments and legal analysis appear to have remained unchanged. Plaintiff cannot reasonably ask for 33.4 hours preparing these relatively minor sections of the appellate brief. Accordingly, the Court reduces the 33.4 hours requested by half, permitting plaintiff to recover a total of 16.7 hours of attorney fees for drafting the appellant's brief to the Ninth Circuit.

### D. Plaintiff May Only Recover Half of Requested Fees for the Reply Brief

Although the plaintiff requested 4.2 hours of additional attorney fees for Mr. Schnaufer's time spent preparing the reply brief, the Court will only grant half of the requested fees because the plaintiff was only partially successful in obtaining the relief requested in the reply brief. *See* Dkt. 35. Thus, the Court reduces the amount of attorney fees to be awarded for time spent drafting the reply brief from 4.2 hours to 2.1 hours.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the plaintiff's Motion for Attorney Fees, Expenses, and Costs under the EAJA, Dkt. 32, be GRANTED IN PART and DENIED IN PART. EAJA attorney fees in the amount of $17,205.84, expenses in the amount of $346.66, and costs in the amount of $39.50 should be awarded to plaintiff's attorney, Robert A. Friedman, in accordance with *Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521 (2010). If the U.S. Department of the Treasury determines that plaintiff's EAJA fees, expenses, and costs are not subject to any offset allowed under the Department of the Treasury's Offset Program, then the check shall be made payable to plaintiff's attorney,

//

//

based upon plaintiff's assignment of these amounts to him. A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of September, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge